In re ENERGY COOPERATIVE, INC.,
a Delaware corporation, Debtor.

ENERGY COOPERATIVE,
INC., Plaintiff,

v.

CITIES SERVICE COMPANY, Conoco,
Inc., Getty Refining and Marketing Co.,
Triangle Refineries, Inc., Amoco Oil
Corporation, Mobil Oil Corporation,
Moore–McCormick Petroleum, Peerless
Distributing, Atlantic Richfield Compa-
ny, Gladieux Refinery Company, Gulf
States Oil & Refining, Kerr–McGee Re-
fining U.S.A. Rookwood, Tesoro Petro-
leum Corporation, Wood River Oil Re-
fining, Tosco Corporation, Saber Refin-
ing Company, Saber Energy, Tenneco
Oil Company, Clark Oil Refining, Oils,
Inc., Bell Fuels, Apex Oil Company,
Sinclair Marketing, Koch Refining, Mt.
Airy Trading, Union Oil Company of
California, and Koch Fuels, Defend-
ants.

Bankruptcy No. 81 B 5811.*

United States District Court,
N.D. Illinois, E.D.

Dec. 6, 1988.

See also, Bkrtcy., 95 B.R. 961.

---

\* 85C 2342, 85C 3538–85C 3549, 85C 3551–85C
3555, 85C 3557, 85C 3560–85C 3566, 85C 3579.

---

MEMORANDUM OPINION
AND ORDER

KOCORAS, District Judge.

Koch Refining seeks to subpoena and depose Bankruptcy Judge Barliant on the question of ECI's solvency in 1981. Judge Barliant was retained as counsel to the Trustee some years later and in that capacity, evaluated many of the estate's contract and other claims.

Judge Barliant has previously been deposed for two days about his opinions on the value of the estate's claims and his reasons therefor. He was also examined and cross-examined in a hearing before this court on the same subject. Koch Refining and other preference defendants were parties to those proceedings. Although the preference defendants' claim that the additional deposition is "in the nature of clarification and amplification" of prior testimony, it is hard to imagine that at least three days worth of testimony requires additional clarification or amplification.

Additionally, Judge Barliant's opinions formed many years after 1981 are probably not relevant on the issue of solvency. The assets of the estate "must be valued at what they are reasonably worth at (the time of the preferential transfers), and not at what they appeared to be worth at some time after bankruptcy intervened." *Cissell v. First National Bank of Cincinnati*, 476 F.Supp. 474, 482 (S.D.Ohio 1979). Although it is true that courts occasionally consider the subsequent history of the property as bearing on its valuation at the time of transfer, any further deposition of Judge Barliant will not illuminate that subsequent history.

The preference defendants are free to offer portions of Judge Barliant's prior deposition or hearing testimony subject to considerations of relevance. It is doubtful that his testimony is relevant, although the preference defendants are free to offer that testimony in the instant action even tho taken in a companion action. Because Judge Barliant was exhaustively examined about his work, his opinions and the bases for same in the companion action, it is

inappropriate to subject him to additional inquiry on these same subjects.

For the above reasons, Koch Refining's motion for issuance of a subpoena for Judge Barliant is denied.